UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JEFFREY E. LEMIRE, et al.          :
                                   :
v.                                 :   C.A. No. 20-00408-WES
                                   :
STATE OF RHODE ISLAND, et al.      :

**MEMORANDUM AND ORDER**

On September 14, 2020, Plaintiff filed his Complaint against the State of Rhode Island and various cities and towns. (ECF No. 1). At the same time, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit (including the $400.00 civil case filing fee) pursuant to 28 U.S.C. § 1915. (ECF No. 2). The Application has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72.

The Application, which is signed under penalty of perjury, contains several incomplete answers. In Question 2 of the Application, Mr. Lemire indicates he is not currently employed, but he fails to provide any response to Question 2(b) that requires he disclose information about his former employment. In Question 3, he handwrites that he receives "RI Unemployment" but he does not "state the amount received" nor does he answer what he expects he will "continue to receive" as he was required to do. He also did not check "Yes" or "No" with respect to the sources of income identified in Question 3(a) through (e). Question 7 inquires as to "regular monthly expenses" and Mr. Lemire indicates those expenses are "rent, food, cloths" but he does not "describe and provide the amount of the monthly expense" as he is required to do. Finally, while he indicates in Question 8 that he owes a debt for a student loan, he does not "describe the amounts owed and to whom they are payable."

This Court cannot determine whether Mr. Lemire qualifies to have his Application granted in this case until he clarifies each of the incomplete answers outlined above. If Mr. Lemire elects

to continue to pursue his Application for in forma pauperis ("IFP") status, he is ordered to file a sworn supplemental Application by October 9, 2020 which provides full and complete answers to all of the questions outlined in this Memorandum and Order. Failure to do so will result in denial of the pending Application and dismissal of the case without prejudice. Alternatively, Mr. Lemire may elect to pay the required $400.00 filing fee.

If the Court ultimately grants Plaintiff IFP status, the Court is required by statute to further review Plaintiff's Complaint sua sponte (on the Court's own motion) under 28 U.S.C. §1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious" "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." Although his Complaint is technically not yet ripe for screening, Plaintiff has indicated in ECF No. 3 that he seeks an "emergency" hearing, therefore the Court reviewed Plaintiff's Complaint proactively. As the Court discusses below, it is unable to review Plaintiff's Complaint under the standard set forth in 28 U.S.C. § 1915(e)(2)(B). Accordingly, I recommend that his Motion for Emergency Hearing (ECF No. 3) be DENIED without prejudice. Further, Plaintiff is ORDERED to file an Amended Complaint so that this Court may better attempt to understand and then review his claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Facts**

In the "relief" portion of his Complaint, Plaintiff states that he seeks "Fair and honet elections. No ballot manipulation, real time excess to all local Board canvases, all information request to be certified by canvassers. Block all ordince block acess to voters, all ballot to be witness and notarized, no third Party ballot collection." (ECF No. 1, p. 2). When he is asked to state his claim, he argues "the State of Rhode Island is make rules as we go along. We voter rolls that are not true. We have cities and town that are refuseing to give information in real time. We have city and town stoping to process. I have a list of demands." Id. at p. 3. He seeks specific monetary

relief against the City of Providence and Towns of Barrington and Bristol in his Complaint, but has sued "all" Rhode Island cities and towns in the "Congressional First District." Id. at p. 1.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). At the same time, the court need not credit bald assertions or unverifiable conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (internal quotations omitted). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

In reviewing Plaintiff's Complaint, this Court has taken all of his allegations contained therein as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520 521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, there are some deficiencies apparent from the face of Plaintiff's Complaint which require consideration before this case may proceed further. These deficiencies prevent the Court from preliminarily evaluating the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as required.

Under Rule 8(a), Fed. R. Civ. P., a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the plaintiff's claim(s) showing that he properly states a claim for legal relief; and (3) a demand for judgment, i.e., the damages or other relief sought by the plaintiff. One of the primary purposes of Rule 8(a) is to give the defendant(s) and the Court fair notice of the claim being made by a plaintiff. Here, Plaintiff's Complaint clearly fails to comply with Rule 8(a). Plaintiff's Complaint is in narrative form and does not specify the legal bases for his claims as to any of the named Defendants. It is generalized and conclusory. It does not identify sufficient specific facts to state any plausible legal claims. As currently drafted, the Complaint does not give fair notice to the Defendants as to the claims brought against them and the damages or other relief sought by Plaintiff.

For example, although Plaintiff indicates that he seeks $10,000.00 from the City of Providence, $1,500.00 from the Town of Barrington and $1,000.00 from the Town of Bristol, he has provided no support for such recovery, nor has he identified any relief sought against the other named Defendants.

**Conclusion**

Giving due deference to Plaintiff's pro se status, this Court will not recommend, at this time, that the District Court dismiss Plaintiff's Complaint under 28 U.S.C. §1915(e)(2)(B) due to the deficiencies identified above. Rather, Plaintiff is ORDERED to file an Amended Complaint by October 9, 2020 that complies with the Federal Rules of Civil Procedure as discussed above. In particular, the Amended Complaint should:

(1)  start with a case caption that lists or identifies all of the defendant(s), that is, the particular party(ies) and/or agency(ies) being sued by Plaintiff in this case, see Fed. R. Civ. P. 10(a);

(2)  be titled "Amended Complaint" at the top of the document;

  (3) set forth Plaintiff's factual allegations and legal claim(s) in numbered paragraphs and counts (or sections), see Fed. R. Civ. P. 10(b);

  (4) contain a short and plain statement of the legal grounds upon which the Federal Court's jurisdiction depends, see Fed. R. Civ. P. 8(a)(1);

  (5) contain a short and plain statement of each legal claim he is bringing showing that Plaintiff is entitled to relief, see Fed. R. Civ. P. 8(a)(2); and

  (6) contain a demand for judgment specifying the relief which Plaintiff seeks from each named Defendant, see Fed. R. Civ. P. 8(a)(3).

  This Court will take further action as appropriate under 28 U.S.C. § 1915(e)(2)(B) after reviewing Plaintiff's Amended Complaint and Motion to Proceed IFP. If Plaintiff fails to file an Amended Complaint pursuant to this Order, this Court will recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for the reasons discussed above pursuant to 28 U.S.C. § 1915(e)(2)(B).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 21, 2020